UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE BARON A. WOLMAN ARCHIVES
TRUST, through its trustee Kristi A.
Wareham,

                              Plaintiff,

            – against –

COMPLEX MEDIA, INC.,

                              Defendant.

**OPINION & ORDER**

20 Civ. 152 (ER)

Ramos, D.J.:

On January 7, 2020, Baron Wolman brought this action alleging copyright infringement against Complex Media, Inc. ("Complex Media").[1]  Doc. 1.  Now pending before the Court are Complex Media's motion for summary judgment, Doc. 27, and the Baron A. Wolman Archives Trust ("BAWAT")'s cross-motion for summary judgment, Doc 32.  For the reasons set forth below, both motions are DENIED.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

        **A.  Factual Background[2]**

        Wolman was a professional photographer who created a number of photographs as the first chief photographer for *Rolling Stone* magazine in the late 1960s.  Doc. 33 ¶ 1.[3]

---

[1] Wolman passed away on November 2, 2020.  *See* Docs. 10, 16.  On February 18, 2021, the Court granted Plaintiff's motion under Fed. R. Civ. P. 25(a)(1) to substitute the Baron A. Wolman Archives Trust, through its trustee Kristi A. Wareham, Esq., as Plaintiff in this action.  Doc. 26.

[2] The following facts are drawn from the parties' Rule 56.1 statements, Docs. 29, 33, 34, and 39, supporting exhibits, and pleadings and are undisputed unless noted otherwise.

[3] While Complex Media disputes this statement in BAWAT's 56.1 statement, based on the Declaration of Kristi Wareham, Esq., ("Wareham Declaration"), as inadmissible hearsay, the Court notes that Wolman's career as a photographer is a matter of public record and beyond dispute.  *See* https://www.ny-times.com/2020/11/04/arts/baron-wolman-dead.html (last accessed February 18, 2022); https://www.rol-lingstone.com/music/music-news/baron-wolman-photographer-dead-1070786/ (last accessed February 18, 2022).  Rule 201(b) of the Federal Rules of Evidence permits a court to take judicial notice of a fact that is not subject to reasonable dispute, and  that Wolman was a prominent photographer is such a fact.  Fed. R. Evid. 201(b).  Furthermore, the Court may take judicial notice of the *New York Times* and *Rolling Stones*

At issue in this case is one of Wolman's photographs depicting the musician Jimi Hendrix ("the Hendrix Photograph").[4]  Doc. 33 ¶ 2.  Wolman maintained ownership of the copyright of the Hendrix Photograph and registered it, along with hundreds of other photographs, with the United States Copyright Office in 2017 under Registration Number VA 2-114-914.[5]  Doc. 33 ¶ 3; Doc. 35-2.

On January 17, 2019, Wolman executed a notarized assignment of intangible rights, archives, and artistic property to BAWAT, which included his title and interest in all material works he created and any and all intangible rights in his work, and all existing copyrights to his photographs.  *See* Doc. 35-3.

On September 20, 2012, Complex Media published an article titled, "A Detailed History of Celebrity Sex Tapes," which included an image of the Hendrix Photograph, on its website at www.complex.com.  Docs. 29 ¶¶ 6–8, 33 ¶ 6.  Wolman alleges that he did not discover the use of the Hendrix Photograph in the Complex Media article until November 2019, that he could not have discovered the use of the Hendrix Photograph any earlier with the exercise of due diligence, and that there were no "storm warnings" placing him on notice of a duty to search for the photograph.  Doc. 33 ¶¶ 7–9;[6] *see also* Doc. 1 ¶¶ 13–15.

---

articles, not for the truth of their contents, but for the fact that Wolman's career was a matter of public record.  *See Condit v. Dunne*, 317 F. Supp. 2d 344, 357–58 (S.D.N.Y. 2004); *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 462 (S.D.N.Y. 2020).

[4] Complex Media disputes that Wolman created the Hendrix Photograph, which assertion is based on the Wareham Declaration and exhibits thereto, as immaterial and as inadmissible hearsay, and argues that the contact sheets of Wolman's photographs submitted with the Wareham Declaration do not establish that Wolman created the photograph.  Doc. 39 ¶ 2.  To be able to resolve the parties' cross-motions, the Court assumes for purposes of the instant motion that Wolman did create the Hendrix Photograph.

[5] Complex Media also disputes that Wolman registered the Hendrix Photograph, which assertion is based on the Wareham Declaration, as inadmissible hearsay, and points out that that the registration certificate lists 649 digital images with a name followed by .jpg, and therefore BAWAT has not established that the Hendrix Photograph was included with the application for copyright registration.  Doc. 39 ¶ 3.  The Court assumes for purposes of the instant motion that the Hendrix Photograph was registered under Registration Number VA 2-114-914.

[6] Complex Media objects to all of these statements as, among other reasons, immaterial and repetitive of the complaint's allegations.  Doc. 39 ¶¶ 7–9.

BAWAT's submission includes, as an attachment to both the Wareham Declaration and the Declaration of Richard Liebowitz ("Liebowitz Declaration"), a document purporting to be an email from the email address bwolman@fotobaron.com to Wolman's then-counsel Richard Liebowitz, dated November 24, 2019 ("November 2019 email"). Docs. 35-4, 36-1.  The subject line reads, "Here's another one for ya . . . maybe."  The body of the email is as follows:

> Hi Richard –
>
> Jimi Hendrix, unauthorized use!
>
> https://www.complex.com/pop-culture/2012/09/a-detailed-history-of-ce-lebrity-sex-tapes/jimi-hendrix
>
> Baron

## B.  Procedural History

Baron Wolman brought this action on January 7, 2020.  Doc. 1.  Complex Media answered on February 4, 2020.  Doc. 6.  Wolman died on November 2, 2020, before the parties had exchanged discovery or taken depositions.  Doc. 29 ¶¶ 3–5.  On December 18, 2020, upon Plaintiff's motion, the Court stayed the case for 60 days to allow BAWAT to settle its affairs and to determine how to proceed after Wolman's death.  Doc. 11.  On February 8, 2021, the Court granted the law firm Doniger/Burroughs' application to be substituted as counsel for Liebowitz and his firm the Liebowitz Law Firm, PLLC, following Liebowitz's suspension from practicing law in this District.  Doc. 14.  On February 18, 2021, the Court held an initial pre-trial conference and gave the parties leave to move for summary judgment.  The Court also granted Plaintiff's motion to substitute BAWAT, through its trustee Kristi A. Wareham, for Wolman, over Complex Media's opposition that Wolman's death extinguished his copyright claims.  Docs. 25, 26.  On March 11, 2021, Complex Media filed the instant motion for summary judgment, Doc. 27, and on April 1, 2021, BAWAT cross-moved for summary judgment, Doc. 32.

## II.    LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law.  *Id.*  The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (internal quotation marks omitted) (citing *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

In deciding a motion for summary judgment, the Court must "'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'"  *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).  However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture, or surmise.  *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).  To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986)).

"When confronted with cross-motions for summary judgment, the Court analyzes each motion separately, 'in each case construing the evidence in the light most favorable

to the non-moving party.'" *Peterson v. Kolodin*, No. 13 Civ. 793 (JSR), 2013 WL 5226114, at *1 (S.D.N.Y. Sept. 10, 2013) (quoting *Novella v. Westchester Cnty.*, 661 F.3d 128, 139 (2d Cir. 2011)); *see also Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001) (citation omitted) ("[E]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration."). The Court is not required to resolve the case on summary judgment merely because all parties move for summary judgment. *Morales*, 249 F.3d at 121.

## III.   DISCUSSION

While Rule 56 "allows a party to move for summary judgment before discovery is complete, such a motion is successful '[o]nly in the rarest of cases' because '[t]he nonmoving party must have had the opportunity to discover information that is essential to [its] opposition to the motion for summary judgment.'" *Great Wall De Venezuela C.A. v. Interaudi Bank*, 117 F. Supp. 3d 474, 492–93 (S.D.N.Y. 2015) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94, 97 (2d Cir. 2000)).

Complex Media moves for summary judgment on the issue of whether BAWAT's copyright action is time-barred. Doc. 27. BAWAT cross-moves for summary judgment on liability—that is, whether Complex Media in fact infringed Wolman's copyright in the Hendrix Photograph. Doc. 32. The Court addresses each motion in turn.

### A.  Complex Media's Motion for Summary Judgment

Complex Media seeks summary judgment on statute of limitations grounds, arguing that copyright actions are subject to a three-year statute of limitations, and that there is no discovery rule in copyright actions. Complex Media relies on the Supreme Court's decision in *Rotkiske v. Klemm*, 140 S.Ct. 355 (2019), which held that the discovery rule does not apply to actions brought under the Fair Debt Collection Practices Act. Doc. 28 at 4–7. It argues in the alternative that BAWAT bears the burden of

establishing that it is entitled to equitable tolling, which it cannot do because Wolman died in November 2020.  *Id.* at 7–8.  BAWAT responds that the statute of limitations is an affirmative defense, and therefore Complex Media bears the burden to show that this action was untimely; that the discovery rule is distinct from equitable tolling; and that Complex Media has not put forward any evidence to show that Wolman had inquiry notice of any alleged infringement before November 2019.  Doc. 32 at 8–12.  The Court agrees with BAWAT.

Despite Complex Media's urging to the contrary, the discovery rule is law in the Second Circuit, which recently reaffirmed its "continuing propriety" in *Sohm v. Scholastic Inc.*, 959 F.3d 39, 49–50 (2d Cir. 2020).  While civil actions under the Copyright Act must be brought "within three years after the claim accrued," 17 U.S.C § 507(b), "[t]he Second Circuit . . . follows the 'discovery rule,' under which 'copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement.'"  *Wu v. John Wiley & Sons, Inc.*, No. 14 Civ. 6746 (AKH) (AJP), 2015 WL 5254885, at *4 (S.D.N.Y. Sept. 10, 2015) (quoting *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124–25 (2d Cir. 2014)).  "Therefore, a copyright infringement claim accrues when a plaintiff discovers, or with due diligence should have discovered, the relevant infringement."  *PK Music Performance, Inc. v. Timberlake*, No. 16 Civ. 1215 (VSB), 2018 WL 4759737, at *7 (citing *Psihoyos*, 748 F.3d at 124).  However, a copyright holder does not have a general duty to "police the internet to discover [a defendant's] use of his [p]hotograph[s]."  *Hirsch v. Rehs Galleries, Inc.,* No. 18 Civ. 11864 (VSB), 2020 WL 917213, at *5 (S.D.N.Y. Feb. 26, 2020).

"In determining the time at which 'discovery' . . . occurred, terms such as 'inquiry notice' and 'storm warnings' may be useful to the extent that they identify a time when the facts would have prompted a reasonably diligent plaintiff to begin investigating."  *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010).  However, "the limitations period does not begin to run until the plaintiff thereafter discovers or a reasonably diligent plaintiff would

have discovered the facts constituting the violation. . . irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." *Id.* (internal quotation marks omitted).   "Whether a plaintiff was placed on inquiry notice is analyzed under an objective standard." *Staehr v. Hartford Fin. Servs. Grp. Inc.*, 547 F.3d 406, 427 (2d Cir. 2008) (citations omitted).   To dispute the date on which the claims accrued in a copyright case, a defendant must produce evidence "that would have been sufficient to awaken inquiry." *Michael Grecco Prods., Inc. v. Valuewalk, LLC*, 345 F. Supp. 3d 482, 512 (S.D.N.Y. 2018) (citation omitted) (finding on a motion for summary judgment that evidence in the record was insufficient to determine when the statute of limitations began to run); *see also Sohm v. Scholastic Inc.*, No. 16 Civ. 7098 (JPO), 2018 WL 1605214, at *11 (S.D.N.Y. Mar. 28, 2018), (citations omitted) (holding that defendant failed to meet its evidentiary burden on a motion for partial summary judgment by not including affirmative evidence "sufficient to awaken inquiry and prompt an audit" by plaintiffs), *aff'd in part, rev'd in part and remanded*, 959 F.3d 39 (2d. Cir 2020).

Although Complex Media claims that the burden of establishing that this action is not time-barred is BAWAT's, courts in this Circuit have repeatedly held that it is the defendant's burden to establish that the plaintiff had inquiry notice.   "[W]ithout identifying facts or circumstances that would have prompted such an inquiry, [defendant] cannot rely on the passage of time alone to establish that [plaintiff] should have discovered the alleged copyright infringements at issue in this case." *Sohm*, 959 F.3d at 51.   Here, while Complex Media states in its reply brief that there was inquiry notice, it proffers no facts in support of that position—only speculation that Wolman could have used image reverse software to locate allegedly infringing photographs online.   Doc. 38 at 9–10.   The district court's reasoning in *Sohm* is apposite.   That court specifically noted and rejected defendant's argument that plaintiff's complaint lacked information to substantiate their claims, and that plaintiffs' deposition testimony supported that they could have brought their claims earlier, stating, "[w]ithout evidence that [a plaintiff] should have discovered the infringements

earlier in the exercise of due diligence, there is no genuine dispute of fact as to whether Plaintiffs' claims are timely."  2018 WL 1605214, at *11 n.21.

Accordingly, Complex Media's contention that it is BAWAT's burden to establish that Wolman did not or could not have discovered the infringement within three years of September 20, 2012, is without merit.  Because discovery has not yet taken place and there is little evidence in the record, "[t]he materials before the court are insufficient to determine whether the statute of limitations began running [in 2012] or [2019], and therefore whether [p]laintiff is barred from recovering for its infringement claim."  *Michael Grecco Prods.*, 345 F. Supp. 3d at 512.

Furthermore, while not necessarily dispositive, the November 2019 email tends to support BAWAT's position that Wolman discovered Complex Media's alleged infringement in November 2019.  Complex Media argues that the Court may not consider the November 2019 email included with the Wareham Declaration because it is hearsay and double hearsay as she was not a party to the email, and that the Liebowitz Declaration is replete with conclusory hearsay and is untrustworthy because he has been suspended from practicing law in this District.  Doc. 38 at 3–8.  BAWAT responds that at the summary judgment stage, evidence produced by the party opposing the motion need not be "in a form that would be admissible at trial," *Celotex*, 477 U.S. at 324, but "its content must nonetheless be admissible," *Smith v. Stone & Webster Eng'g Corp.*, No. 86 Civ. 5627 (PKL), 1988 WL 32928, at *4 (S.D.N.Y. Apr. 4, 1988).  Doc. 32 at 16; *see also Smith v. City of New York*, 697 F. App'x 88, 89 (2d Cir. 2017) (summary order).  BAWAT further argues that the November 2019 email is admissible under the residual exception to the hearsay rule, Fed. R. Evid. 807; or under the business records exception, Fed. R. Evid. 803(6); or that it is not hearsay at all because it is offered not for the truth of what is asserted in the email, but to prove Wolman's notice or knowledge.  Doc. 32 at 14–16; Doc. 43 at 1–4 (citing *Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 421 (S.D.N.Y. 2011)).  Because the email purports to have been sent to Liebowitz, he would be able to authenticate it at trial,

and therefore the Court may consider the email at summary judgment not for the truth of its contents but for the fact that it was sent and alerted Liebowitz to the article.[7]

The November 2019 email may also be admissible, as BAWAT contends, under Fed. R. Evid. 807, as it is supported by sufficient guarantees of trustworthiness under the totality of the circumstances, is more probative than any other evidence in the record (indeed, it is the only evidence as to when Wolman may have discovered Complex Media's use of the Hendrix Photograph), and meets the requirements of trustworthiness, materiality, probative importance, the interests of justice, and notice set forth in *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 231 (2d Cir. 1999), *as amended on reh'g* (Sept 29, 1999).  Likewise, it may fall under the business records exception, since the Liebowitz Declaration explains that Wolman's regular practice was to contact the Liebowitz Law Firm promptly upon discovery of potential infringements, and that the law firm maintained records of correspondence in its general course of business.[8]  Doc. 36.  In so considering, the Court does not decide that the November 2019 email is dispositive of when Wolman did or could have discovered Complex Media's use of the Hendrix Photograph.  Although Wolman has passed away, discovery may reveal records or other evidence as to when he did or could have discovered Complex Media's alleged infringement.

---

[7] While Complex Media points to the fact that Liebowitz has been suspended from practicing law in this district in part for "untrustworthiness," Doc. 38 at 8, nothing in the Grievance Committee's disciplinary order bars Liebowitz from acting as a witness, *see* Doc. 40-2.  Complex Media also includes an email forwarded from the bwolman@fotobaron.com email address on March 14, 2021—approximately four months after Wolman died—to argue that the November 2019 email "cannot have come from Mr. Wolman."  Docs. 38 at 7, 40-1.  That someone may have had access to Wolman's email account after his death does not necessarily mean that he did not send the November 2019 email.

[8] After briefing was complete, Complex Media submitted a letter arguing that the Court should not consider BAWAT's Fed. R. Evid. 803(6) argument raised in reply, because a party may not raise an argument for the first time in a reply brief.  Doc. 44.  BAWAT responded that its reply was the first opportunity to address Complex Media's arguments raised in opposition that the November 2019 email was hearsay.  Doc. 45.  The Court agrees.  Since the reply brief was BAWAT's first opportunity to respond to Complex Media's arguments that the November 2019 email was hearsay, it has not waived those arguments.

Complex Media's motion for summary judgment is denied.[9]

**B.  BAWAT's Motion for Summary Judgment**

BAWAT seeks summary judgment on Complex Media's liability for copyright infringement, arguing that it has established as a matter of law the two elements required to establish copyright infringement:  "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Doc. 32 at 19 (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Here, BAWAT has introduced Wolman's certificate of registration from the Copyright Office, his notarized assignment of rights to BAWAT, a *Rolling Stone* article attributing the Hendrix Photograph to Wolman, and comparisons of the Hendrix Photograph to the image in the article, tending to show that the image in the article is identical to the Hendrix Photograph.  *See* Docs. 32 at 5, 35-1, 35-2, 35-3, 37-2.  Complex Media argues that the copyright registration is not *prima facie* evidence of copyright ownership since the registration is dated 2017, approximately 27 years after the works were published, and therefore the certification of registration was untimely.  Doc. 38 at 17–18 (citing *Masi v. Moguldom Media Grp. LLC*, No. 18 Civ. 2402 (PAC) 2019 WL 3287819, at *3 (S.D.N.Y. July 22, 2019) ("To be timely, a certificate of registration must be obtained 'before or within five years after first publication' of a work.")).  Complex Media further argues that it is entitled to discovery on Wolman's submissions to the Copyright Office, the license agreement between Wolman and *Rolling Stone*, and damages, among other matters.  *Id.* at 19.   The Court need not resolve these issues on this motion:  summary judgment in this instance is not warranted because Complex Media has raised several potential affirmative defenses in its answer, Doc. 6, including, among

---

[9] Having determined that Complex Media has not established as a matter of law that the instant action is time-barred, the Court declines to consider BAWAT's argument that each time a reader viewed Complex Media's article and saw the Hendrix Photograph was a separate infringement, and therefore this action is timely since the article with the Hendrix Photograph was posted online until at least November 2019.  Doc. 32 at 17–19.

others, authorized use, fair use, *de minimis* use, and challenges to the validity of Wolman's copyright registration. Complex Media repeats these defenses in its opposition and its counterstatement of material facts precluding summary judgment. Docs. 38 at 17– 22, 39 at 12–14. On this record, the Court cannot determine as a matter of law that none of the affirmative defenses Complex Media has raised has merit. Complex Media is entitled to discovery and an opportunity to assert these defenses. BAWAT's motion for summary judgment is therefore denied.

## IV.   CONCLUSION

For the reasons set forth above, both motions are DENIED. The parties are directed to appear for a telephonic status conference on March 1, 2022 at 11:30 am. The parties are directed to dial (877) 411-9748 and enter access code 3029857# at that time. In advance of the conference, parties are instructed to complete the attached Civil Case Discovery Plan and Scheduling Order on consent and submit it to the Court by February 28, 2022.

The Clerk of Court is respectfully directed to terminate the motions, Docs. 27 and 32.

SO ORDERED.

Dated:   February 22, 2022
         New York, New York

_____
         Edgardo Ramos, U.S.D.J.

UNITED STATES DISTRICT COURT                              Rev. Jan. 2012
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x


                                                      **CIVIL CASE DISCOVERY PLAN**
                                    Plaintiff(s),      **AND SCHEDULING ORDER**

          - against -


                                    Defendant(s).      _____ CV _____ (ER)


---------------------------------------------------------------x

        This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with
counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

    1.    All parties [consent] [do not consent] to conducting all further proceedings before a
          Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).  The
          parties are free to withhold consent without adverse substantive consequences.  (If
          all parties consent, the remaining paragraphs of this form need not be completed.)

    2.    This case [is] [is not] to be tried to a jury.

    3.    Joinder of additional parties must be accomplished by _____.

    4.    Amended pleadings may be filed until _____.

    5.    Interrogatories shall be served no later than _____, and responses
          thereto shall be served within thirty (30) days thereafter.  The provisions of Local
          Civil Rule 33.3 [shall] [shall not] apply to this case.

    6.    First request for production of documents, if any, shall be served no later than
          _____.

    7.    Non-expert depositions shall be completed by _____.

          a.    Unless counsel agree otherwise or the Court so orders, depositions shall not
                be held until all parties have responded to any first requests for production
                of documents.

          b.    Depositions shall proceed concurrently.

          c.    Whenever possible, unless counsel agree otherwise or the Court so orders,
                non-party depositions shall follow party depositions.

8.    Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.    Requests to Admit, if any, shall be served no later than _____.

10.   Expert reports shall be served no later than _____.

11.   Rebuttal expert reports shall be served no later than _____.

12.   Expert depositions shall be completed by _____.

13.   Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14.   **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.   Any motions shall be filed in accordance with the Court's Individual Practices.

16.   This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17.   The Magistrate Judge assigned to this case is the Hon. _____.

18.   If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19.   The next case management conference is scheduled for _____, at _____.  (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: New York, New York
         _____

                                                    _____
                                                    Edgardo Ramos, U.S. District Judge